UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHIRLEY P. LANGEVINE,

    Plaintiff,

v.

DISTRICT OF COLUMBIA,

    et al.

Civ. Action No. 91-1026 (ESH/JMF)

FILED
MAR 0 6 2001

## MEMORANDUM ORDER

This case has been referred to me for resolution of plaintiff's Motion for Attorney Fee.

The facts of this case are set forth in the Court of Appeals' decision in Langevine v. District of Columbia, 106 F.3d 1018 (D.C. Cir. 1997). Pursuant to 42 U.S.C. A. § 1983 (1994), rhe plaintiff asserted claims against two police officers for violating her constitutional rights and the District of Columbia ("the District") for failing to train those officers. She also asserted common law claims for false arrest, false imprisonment, and assault and battery against the officers and sought to impose liability upon the District, *respondeat superior*, for these common law claims. The jury returned a verdict in her favor on all these claims except assault and battery.

The complicated procedural history of the case from that point on can be illustrated by the following chart:

| | |
|---|---|
| 6/18/93 | Visiting Judge Mentz grants defendants' motion for judgment as a matter of law, setting aside verdict in plaintiff's favor. |
| 10/24/94 | Order of 6/18/93 reversed, remanded for entry of judgment according to § 1983 claim against the District of Columbia as to which verdict is vacated and for consideration of such post-judgment motions as parties may make. |

1



| | |
|---|---|
| 5/24/95 | Motion for new trial granted and judgment on verdict vacated. |
| 2/9/96 | Order (AER) that clerk reinstate judgment in accordance with verdict of the jury. |
| 2/25/97 | Order of 2/9/96 affirmed. Langevine, 160 F. 3d 1018 (D.C. Cir. 1997). |

In its order of October 24, 1994, the Court of Appeals explained that, since the District was vicariously liable for the common law false arrest and imprisonment torts, and the jury had not engaged in any apportionment of damages among claims, the District was liable for the entire verdict. The court then stated:

> It is therefore immaterial whether the District is separately liable under § 1983 for failing property to train its employees. Indeed, at argument the appellant [i.e. Langevine] conceded that if the District is vicariously liable for the entire amount of the verdict, then her § 1983 claim against the District would be of consequence only insofar as a favorable judgment would enable her to get an injunction compelling the District to train its officers in the proper enforcement of the disorderly conduct law. The appellant, however, would not have standing to seek an injunction, *see City of Los Angeles v. Lyons, 461 U.S. 95 (1982)* so the question of whether the District if separately liable under § 1983 for failure to train its police officers is of no moment at all in this litigation. Hence, we decline to reach this essentially constitutional issue.

Memorandum of Oct. 24, 1994 at 2.

Because the jury verdict imposing liability upon the District for failing to train its officers as to disorderly conduct law was vacated by Judge Mentz's order of June 18, 1993 and not thereafter reinstated by the Court of Appeals, the District argues that it cannot be required to pay any portion of the plaintiff's attorney fees that represented work done by her attorneys to establish the District's liability under 42 U.S.C.A. § 1983 (1994).

Plaintiff insists that this situation is nothing like the ones to which the District would equate it in which the municipality actually prevailed because the jury found in favor of the

1983 plaintiff in her claim against the municipality's employees but in the municipality's favor on the plaintiff's claim failure to train.

The resolution of this complicated question may have a dramatic effect on the plaintiff's fee petition. If the District is right, then the parties and the Court will have to engage in the always complicated exercise of attempting to eliminate that portion of the attorney fees devoted to unsuccessful claims, unless it is impossible or unfair to do so because the time spent on the unsuccessful claims was intimately connected to the time spent on the successful claims.

Before heading down that difficult road, I believe that the parties must be permitted the opportunity to address legal issues which have at least the potential of eliminating any need to focus on the significance of the Court of Appeals' vacating the § 1983 verdict against the District.

First, I note from the parties' pleadings that the District paid the judgment based on the verdict against the officers. That verdict contained claims based on the officers's § 1983 and common law liability. If the District paid the entire judgment, then it has paid whatever portion of the judgment is predicated on the officers's § 1983 liability as well as the portion based on the common law liability. Can the District, having made that payment, nevertheless escape liability for paying any attorneys fees I award against the officers? Irrespective of the answer to that question, does the District intend to pay any attorney fees I award against the officers and, if it does, what difference does it make that the District itself has no liability under 42 U.S.C.A. § 1983 (1994)?

A related question deals with the officers' potential for indemnification. If the District intends to indemnify the officers for the payment of attorneys fees I award, may I anticipate its

doing so and order the District to pay plaintiff directly? In the alternative, is there any impediment to my issuing an order to the officers that they assign their right to indemnification for any attorneys fees I award to plaintiff?

I would ask that plaintiff file any memorandum of law as to these issues within 20 days of this order and that the District of Columbia respond thereto 20 days thereafter. Plaintiff may reply within 10 days of its receipt of the District's response.

The resolution of these issues may have a dramatic effect on the final fee petition plaintiff will want me to consider. Additionally, in fairness to plaintiff, I have now imposed upon her obligations which will cause her to incur additional fees in litigating her fees for which she may seek compensation. The District, for its part, has the right to speak to all the fees claimed. Since events have overtaken it, I will **ORDER** that the Motion filed by Plaintiff Shirley P. Langevine for Attorney Fee [#186] be **denied without prejudice**.

                                                                                        /s/ John M. Facciola
                                                                                        JOHN M. FACCIOLA
                                                                                        UNITED STATES MAGISTRATE JUDGE

Dated: 03/06/01